## HAND *v.* TALIAFERRO.
## HILL *v.* TALIAFERRO.

The 9th sec. of the statute of 28th March, 1840, which declares that no citizen of another State shall be arrested at the suit of a non-resident creditor unless it be made to appear that the debtor has absconded from his residence, authorizes an arrest only where the debtor has absconded from his last place of residence. A debtor alleged to have absconded from a State in which he resided at the time the debt was contracted, but who is shown to have since resided for several years in another State, cannot be arrested.

Sec. 10 of the statute of 28th March, 1840, declaring certain acts presumptive evidence of fraud, applies only to debtors residing within the State.

APPEALS from the District Court of the First District, *Buchanan*, J. *Stockton* and *Steele*, for the appellants.

*Holland* and *Preston*, for the defendant.

The judgment of the court was pronounced by

EUSTIS, C. J. The defendant in these cases was discharged by one of the judges of this court at our last sitting. The cases were then argued before a full bench, and the judges were unanimously of opinion, that the defendant had been unlawfully arrested and held in custody.

He had been arrested under the 9th and 10th sections of the act of 1840, *to abolish imprisonment for debt*. The judge of the District Court had ordered his discharge, and the cases were heard on an appeal from that order.

The 9th section provides, "that no citizen of another State shall hereafter be arrested in this State at the suit of a non-resident creditor, except in cases where it shall be made to appear that the debtor has absconded from his residence." Laws of 1840, p. 133.

The defendant is a citizen of the State of Texas, and has resided there for four years. It is not alleged that he has absconded from that State, but it is charged that he had previously absconded from the State of Mississippi. *

Our opinion is, that the words of the statute, *absconded from his residence*, mean his present place of residence. In the French text, the corresponding words are *s'est enfui de son lieu de residence*.

The 10th section relates evidently to debtors who have resided in this State. It is made exclusively with a view to our own laws. It considers many acts fraudulent which are lawful by the laws of other States.

There may be cases which will present difficulties under this 9th section; but, it being conceded that the defendant has publicly and openly had his residence in Texas for four years, and no allegation being made which in any manner weakens that fact, we feel bound to affirm the order of the district judge.

*Judgment affirmed.*

HAND
*v.*
TALIAFERRO.

HILL
*v.*
TALIAFERRO.

---

* The petitions allege that the defendant "for the purpose of evading the payment of his just debts, since the creation of the debt above claimed, absconded from the State of Mississippi, then his residence, and fled to the Republic of Texas, and to parts thereof then unknown to your petitioner and his other creditors."